FRANCISCO NIEVES, Appellant, v. REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1092. Submitted November 3, 1941.—Decided November 4, 1941.

*José Veray, Jr.*, for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 5th of last July, Alfredo Lamela Abreu and Francisco Nieves appeared before Notary Public José Veray, Jr., and executed a deed of sale of a lot which, according to the registry and the first paragraph of the deed, measured "13.62 meters in front and 22.10 meters in depth with an area of 202 square meters." Further on in the same deed, the vendor stated as follows:

"SECOND.—Mr. Lamela further states that the two-story house above described was destroyed by a fire in Isabela some years ago

and that the area of the lot is 301 and not 202 square meters, which error is hereby corrected.

"THIRD.—Mr. Lamela states, moreover, that the lot above described, with its present boundaries and area, is as follows: URBAN, a lot situate in José C. Barbosa Street, Isabela, having an area of 301 square meters and the following measurements: on the north, front, it is 13.62 meters long and abuts on the street where it is located, which was formerly called Concordia and subsequently Comercio; on the south, rear, it is 13.62 meters long and is bounded by land of José Rafols Roger, formerly of Manuela Román; on the east it is 22.10 meters long and adjoins the property of Alfredo Lamela Abreu, formerly of José Ramón Méndez; and on the west it is 22.10 meters long and adjoins the property of José Rafols Roger, formerly of Manuel Román."

Upon presentation of the instrument for record in the registry, the registrar rendered the following decision:

"The present instrument is recorded as regards the lot consisting of 202 square meters and the record is denied as to the excess up to 301 square meters, which does not appear recorded in the name of the vendors, and cautionary notice thereof is entered."

Feeling aggrieved by that decision, the purchaser Nieves took the present administrative appeal. He maintains that the decision is groundless for, although it appears from the registry that the area of the lot was 202 square meters, the fact is that it likewise appeared that the vendors thereof owned 301 square meters, since the measurements of its frontage and depth having been fixed at 13.62 meters and 22.10 meters, respectively, a simple arithmetical calculation was sufficient to establish that conclusion.

We do not agree. If the registry showed the boundaries as the same were set out in the third paragraph of the deed above transcribed, that is, 13.62 meters on the north, front; 13.62 meters on the south, rear; 22.10 meters on the east; and 22.10 on the west, the appellant would be right. It might then be argued that the correction of the error might be made by means of a simple arithmetical calculation.

But from the frontage and depth measurements it can not be concluded that a rectangle is necessarily involved. The area of the lot depends on its shape, and its measurements as originally fixed by the owners themselves and so recorded make the conclusion possible that it might measure less than 13.62 meters at its rear and even that a triangle is involved, in which event the result of the arithmetical calculation would not be 301 meters, but less. Perhaps the 202 meters as recorded.

If it is really the case of a rectangle, there are legal means available to the interested party for determining such fact. His bare statement is not sufficient for altering the factual situation created in the registry, as such alteration might perhaps prejudice the rights of other persons.

Such being the case, the appeal must be overruled and the decision appealed from affirmed.